David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
Phone: (602) 265-3332
Fax:    (602) 230-4482

Attorneys for the Plaintiff
Angela Kassube

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Kassube <br><br> Plaintiff, <br><br> v. <br><br> Franklin Collection Service, Inc. <br><br> Defendant. | **Case No:** <br><br> **Complaint For Damages** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Angela Kassube, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Franklin Collection Service, Inc. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Surprise, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Tupelo, State of Mississippi.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

Complaint — 2 of 8 —

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.
15. At all times relevant, Defendant conducted business within the State of Arizona.
16. Sometime before August 2012, Plaintiff is alleged to have incurred certain financial obligations.
17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
18. Sometime thereafter, but before August 2012, Plaintiff allegedly failed to pay on the alleged debt. Plaintiff currently disputes this alleged debt and believes it is not owed.
19. Subsequently, but before August 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.
20. On or about August 2012, Plaintiff became aware Defendant was reporting this alleged debt on her credit report.
21. On or about August 29, 2012, Plaintiff then called Defendant to dispute the alleged debt, request validation, and provide her current mailing address.
22. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

23. Defendant then failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

24. On or about September, 13, 2012, Plaintiff then wrote Defendant a dispute letter and again requested validation.

25. On or about September 26, 2012, Defendant sent Plaintiff a letter including Plaintiff's alleged "final bill" with AT&T.

26. On or about October 31, 2012, Plaintiff again called Defendant regarding the alleged debt. Plaintiff informed Defendant that she did not owe this debt, and it was an error by AT&T.

27. Despite this information, Defendant continued to collect this alleged debt.

28. This action by Defendant was an attempt to collect an amount not owed and it therefore violated 15 U.S.C. § 1692f(1).

29. During this conversation, Defendant's agent told Plaintiff that unless this debt was paid it would remain on her credit report for "seven to ten years."

30. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

31. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e (10).

32. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

33. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

34. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

35. During this conversation Defendant's agent also stated that Defendant would not remove the account from Plaintiff's credit report unless she paid an additional fee. This required fee by Defendant amounted to 25% of the debt.

36. This action by Defendant was an attempt to collect an amount not owed, not authorized by the agreement, nor permitted by law and it therefore violated 15 U.S.C. § 1692f(1).

37. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

38. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e (10).

39. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

40. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

HYDE & SWIGART
Phoenix, Arizona

41. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

42. Also during this conversation, Defendant referenced the fact that Plaintiff was attempting to re-finance her home, a fact that Plaintiff did not share with Defendant during the call. Defendant attempted to use Plaintiff's attempt to re-finance her home to extort Plaintiff out of more money.

43. This action by Defendant was an attempt to collect an amount not owed and it therefore violated 15 U.S.C. § 1692f(1).

44. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

45. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

46. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

47. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

48. This statement was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

49. Due to Defendants' abusive actions over in a short amount of time, overwhelmed Plaintiff, causing her to suffer a great deal of emotional distress and mental anguish in the form of nervousness, stress, anxiety, and embarrassment, humiliation, sleeplessness, feelings of hopelessness all significantly impacting her job, and personal relationships.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

53. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

54. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

55. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

//

//

**TRIAL BY JURY**

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: December 5, 2012     **Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff